UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA HOWARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA PUBLIC )<br>SCHOOLS, )<br>)<br>Defendant. )<br>) | Civil Action No. 04-2082 (PLF) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion *in Limine* to Exclude Evidence of the Attitudes, Comments, and Interactions of Individuals Who Did Not Make or Materially Influence the Decision At Issue ("Defendant's Motion").[1] For the reasons stated below, the Court will grant defendant's motion in part and deny defendant's motion in part.

I. ROMEO GARCIA

Defendant seeks to exclude evidence of the purportedly discriminatory attitude and comments of Romeo Garcia, the former Chief Executive Officer of Facilities Management, on the grounds that Mr. Garcia played no role in the hiring decision at issue in this case. See

---

[1] The papers submitted in connection with this matter are: Defendant's Motion *in Limine* to Exclude Evidence of the Attitudes, Comments, and Interactions of Individuals Who Did Not Make or Materially Influence the Decision At Issue ("Defendant's Motion"); Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion *in Limine* to Exclude Evidence of the Attitudes, Comments, and Interactions of Individuals Who Did Not Make or Materially Influence the Decision At Issue ("Plaintiff's Opposition"); and Reply to Plaintiff's Opposition to Defendant's Motion *in Limine* to Exclude Evidence of the Attitudes, Comments, and Interactions of Individuals Who Did Not Make or Materially Influence the Decision At Issue ("Defendant's Reply").

Def.'s Mot. at 2-3. Accordingly, defendant regards evidence of Mr. Garcia's views as irrelevant under Rule 401 of the Federal Rules of Evidence. Plaintiff appears to concede the point. See Pl.'s Opp. at 2 n.1. The Court therefore will grant defendant's motion and exclude evidence of Mr. Garcia's attitude and comments.

## II. CRAIG GEORG'S DECISION NOT TO GIVE A STATEMENT

In 2003, Craig Georg, an Army Corps of Engineers ("Corps") employee and a member of the interview panel that decided not to select plaintiff Sheila Howard for the position she sought in 2002, declined to give a statement to a District of Columbia Public Schools ("DCPS") employee who was investigating an administrative complaint filed by Ms. Howard. Defendant seeks to exclude, on various grounds, evidence of Mr. Georg's decision not to give a statement to the investigator. See Def.'s Mot. at 14-16. As plaintiff has not offered any reasons for regarding such evidence as relevant, and as the Court largely agrees with defendant's arguments for excluding it, the Court will not permit plaintiff to offer evidence of Mr. Georg's decision not to give a statement to the DCPS investigator.

## III. TESTIMONY OF SHEILA HOWARD

*A. Testimony About Mr. Georg*

Defendant seeks to exclude certain elements of Ms. Howard's proffered testimony about the purportedly discriminatory behavior of Mr. Georg. Defendant acknowledges that "evidence about Craig Georg's direct involvement in the interview process, including the subsequent explanation he offered for his rating [of job applicants] in his December 2005 deposition," is relevant. Def.'s Reply at 1. But defendant asks the Court to

exclude Ms. Howard's proffered testimony to the effect that (1) Mr. Georg once made a disparaging remark about DCPS employees in general, and (2) Mr. Georg once became angry when his professional judgment was questioned by a young African American woman. See Def.'s Mot. at 12-13. Plaintiff maintains that *all* evidence of Mr. Georg's behavior -- including evidence of his actions during the selection process *and* other evidence of his actions "extrinsic to the selection process," Pl.'s Opp. at 9 -- is relevant and not otherwise inadmissible. See Pl.'s Opp. at 8-10.

The Court concludes that evidence directly related to Mr. Georg's participation in the interview process -- including Ms. Howard's personal observations of Mr. Georg's comportment during the interview process -- is relevant. Whether or not Mr. Georg was a primary decisionmaker in the decision not to hire plaintiff, see Def.'s Mot. at 9-11, he was a participant in the interview process. Moreover, it is by no means clear that his input did not contribute to the ultimate decision not to hire plaintiff. Thus, evidence of his actions and motives during that process is relevant. See Griffin v. Washington Convention Ctr., 142 F.3d 1308, 1311-12 (D.C. Cir. 1998).

The Court further concludes that the "extrinsic evidence" of Mr. Georg's behavior discussed in the parties' papers is relevant to an important question in this case: that is, the question of whether the interview score Mr. Georg gave to Ms. Howard was motivated by racial animus. Thus, if she personally observed them, Ms. Howard will be permitted to testify about (1) the incident during which Mr. Georg allegedly "denigrated Ms. Howard and her staff in front of another contractor's employees," and (2) the incident during which Mr. Georg allegedly complained about having his professional judgment questioned by a young African American

3

woman. Pl.'s Opp. at 10. Of course, the Court will exercise its discretion under Rule 403 of the Federal Rules of Evidence to ensure that such testimony is not unduly prejudicial, time consuming, or confusing.[2]

### B. Proffered Testimony About the Corps

Defendant also seeks to exclude Ms. Howard's proffered testimony about the purportedly discriminatory attitudes of unnamed Corps employees and the Corps in general. See Def.'s Mot. at 7-8. The Court agrees with defendant that this testimony should be excluded. This testimony is irrelevant because the Corps did not make the hiring decision at issue. In addition, even if one regards the Corps as a "decisionmaker" by virtue of Mr. Georg's participation, there is no basis for "inferring the personal attitudes of [Mr. Georg] from generalized allegations of racial friction and allegations concerning unnamed Army Corps members," nor is there any basis for inferring the personal attitudes of DCPS decisionmakers from such allegations. Def.'s Mot. at 3-4, 7-8. The Court therefore will exclude Ms. Howard's proffered testimony about the racial attitudes of the Corps in general.

### IV. TESTIMONY OF DRECK WILSON

Finally, defendant seeks to exclude Dreck Wilson's proffered testimony about the purportedly discriminatory attitudes of certain Corps employees, including Mr. Georg. See

---

[2] Plaintiff claims that Ms. Howard can testify to "numerous" other incidents in which she observed Mr. Georg act in a way that suggests he harbors racial biases. Pl.'s Opp. at 10. This Memorandum Opinion and Order addresses only the two specific incidents discussed in the parties' papers, but the reasoning and limitations set forth herein apply to any other incidents about which Ms. Howard intends to testify at trial. Plaintiff's counsel shall make a proffer outside the presence of the jury before Ms. Howard will be allowed to testify about such matters.

Def.'s Mot. at 4-7. The Court concludes that this evidence should be excluded because (1) it is based almost entirely on hearsay, and (2) it would constitute impermissible lay witness opinion testimony under Rule 701. See FED. R. EVID. 701 (requiring lay witness opinion testimony to be based "on the perception *of the witness*") (emphasis added). In addition, such testimony would not be helpful to the factfinder because it is vague, inconclusive, and contradictory. The Court therefore will grant defendant's motion with respect to Mr. Wilson's testimony.

Accordingly, it is hereby

ORDERED that Defendants' Motion *in Limine* to Exclude Evidence of the Attitudes, Comments, and Interactions of Individuals Who Did Not Make or Materially Influence the Decision At Issue [56] is GRANTED in part and DENIED in part.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 24, 2008