UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SHEILA HOWARD,                      )
                                    )
       Plaintiff,               )
                                    )
   v.                               )   Civil Action No. 04-2082 (PLF)
                                    )
DISTRICT OF COLUMBIA PUBLIC         )
  SCHOOLS,                          )
                                    )
       Defendant.               )
_____ )


MEMORANDUM OPINION AND ORDER

       This is an employment discrimination case in which the plaintiff, Sheila Howard, an African American woman, alleges that her former employer, the District of Columbia Public Schools, discriminated against her on the basis of her race when it failed to select her for an industrial hygienist position in 2002.

       The matter now before the Court is defendant's motion *in limine* to allow evidence about two topics.[1]  First, defendant would like to elicit testimony from Gregory Williams, a DCPS employee who participated in the interview process that led to Ms. Howard's non-selection, to the effect that Mr. Williams recommended an African American woman named Kelley Clark for the same position after an earlier round of interviews.  Second, defendant would like to present evidence showing that DCPS ultimately offered the position to Ms. Clark after that earlier round of interviews.  In the end, Ms. Clark declined the offer.

---

    [1]    The papers submitted in connection with this matter are: Defendant's Motion *in Limine* to Allow Evidence of the Recommendation and Selection of Kelley Clark ("Def.'s Mot."), and plaintiff's opposition thereto ("Pl.'s Opp.").

II.  DISCUSSION

In a previous Memorandum Opinion and Order, this Court excluded evidence about Mr. Williams' recommendation of Ms. Clark and Ms. Clark's ultimate selection. The Court's reasoning was simple:

> Both parties appear to agree that Sarah Woodhead, the official who chose not to select Ms. Howard in August 2002, was not involved in the selection of Kelley Clark in May 2002. . . .  This fundamental difference makes Ms. Clark's selection largely irrelevant to this case, because the mere fact that one decisionmaker acted non-discriminatorily at one time is hardly a basis for concluding that another decisionmaker acted non-discriminatorily at another time.

Howard v. District of Columbia Public Schools, Civil Action No. 04-2082, Memorandum Opinion and Order at 6 (D.D.C. Jan. 24, 2008) ("January 24, 2008 Opinion").  The Court further concluded that to whatever slight degree such evidence was relevant to this case, its probative value was outweighed by the potential for jury confusion.  Id. at 6-7.  Finally, the Court noted that it would revisit the admissibility of such evidence if plaintiff made "the alleged racial animus of Mr. Williams an issue in this case." Id. at 7 n.4.

*A.  Evidence About Mr. Williams' Recommendation*

Defendant now argues that Ms. Howard has "opened the door" to testimony about Mr. Williams' recommendation of Ms. Clark by (1) "charging [Mr. Williams] with discrimination [and] impeaching him at the first trial," Def.'s Mot. at 8, and (2) submitting a proposed jury instruction suggesting that she intends to pursue a similar strategy at this trial.  See

id. at 5; see also id. at 6-7.[2]  Defendant maintains that these events justify reconsideration of the Court's prior ruling about the admissibility of Mr. Williams' recommendation of Ms. Clark, noting that "Mr. Williams' initial recommendation of Ms. Clark, an African-American, all but disproves that his subsequent recommendation of Dr. Rahimi was based on discrimination against African-Americans."  Def.'s Mot. at 1.

The Court agrees.  Having observed the first trial in this case, it is now clear to the Court that Ms. Howard is arguing that Mr. Williams acted with discriminatory motive in not recommending her, and that in fact Mr. Williams conspired with Sarah Woodhead to cover up her discriminatory animus.[3]  That argument renders Mr. Williams' recommendation of Ms. Clark relevant under Rule 401 of the Federal Rules of Evidence because evidence that Mr. Williams did not act discriminatorily in the earlier interview process is strong evidence from which the jury could infer that he did not act discriminatorily in the later interview process.  Moreover, in light of the facts and circumstances of this case, such testimony would not be unduly prejudicial

---

[2]  Plaintiff's proposed jury instruction reads as follows:

> There were four individuals who plaintiff alleges were centrally involved in the process of selecting the supervisory Industrial Hygienist position at issue in this case, Sarah Woodhead, Gregory Williams, Ricardo Eley, and Craig Georg.  Plaintiff is only required to show that one of these four individuals discriminated against her, not that every one did.

Plaintiff's Proposed Additional Non-Standard Instructions at 5.

[3]  Plaintiff's counsel's closing argument at the first trial made plain that plaintiff was accusing Mr. Williams of discrimination and of conspiring with Ms. Woodhead to deny plaintiff this position because of her race.  See Transcript of Trial at 8-10 (Feb. 1, 2008).  Plaintiff's counsel also called into question Mr. Williams' credibility as to his asserted reasons for not recommending plaintiff.  See id. at 32.

or confusing under Rule 403 of the Federal Rules of Evidence.  See Sprint/United Mgmt. Co. v. Mendelsohn, 128 S. Ct. 1140, 1147 (2008) (admissibility of such evidence is "fact-intensive [and] context-specific").  The Court therefore concludes that Mr. Williams may testify about his recommendation of Ms. Clark in the earlier interview process.

### B.  Evidence About Ms. Clark's Selection

Defendant acknowledges that there is a distinction between permitting testimony about Mr. Williams' *recommendation* of Ms. Clark – the topic of the previous section – and permitting testimony about defendant's *selection* of Ms. Clark.  See Def.'s Mot. at 7.  Defendant nevertheless argues that the Court should also reconsider its earlier decision to exclude testimony about the selection of Ms. Clark.  The Court declines to do so for two reasons.  First, the Court rejects – again – defendant's argument that evidence of Ms. Clark's selection is admissible to show that defendant did not discriminate against Ms. Howard.  The Court adheres to its previous ruling on this point, in which it explained that because the selecting official who chose to select Ms. Clark was not the same selecting official who chose not to select Ms. Howard, the fact of Ms. Clark's selection is (1) minimally probative with respect to whether Ms. Howard's non-selection was discriminatory, and (2) likely to confuse the jury.  See January 24, 2008 Opinion at 6-7.  Second, the Court regards defendant's alternative theory of admissibility – that is, that evidence of Ms. Clark's selection is admissible to corroborate Mr. Williams' claim that he recommended Ms. Clark – as insubstantial.  See Def.'s Mot. at 7.  As the Court noted at the final pretrial conference on June 20, 2008, the defendant will have to rely on more probative, less prejudicial corroborative evidence if any exists.  Accordingly, it is hereby

ORDERED that Defendant's Motion *in Limine* to Allow Evidence of the Recommendation and Selection of Kelley Clark [91] is GRANTED in part and DENIED in part; and it is

FURTHER ORDERED that defendant will be permitted to elicit testimony about Mr. Williams' recommendation of Ms. Clark, but will not be permitted to elicit testimony or offer evidence about the selection of Ms. Clark.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 23, 2008